UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
    UNITED STATES OF AMERICA,

                v.                            20 Cr. 330 (AJN)

    GHISLAINE MAXWELL,

           Defendant.

------------------------------------------------------- x

# GHISLAINE MAXWELL'S MOTION TO PRECLUDE LAW ENFORCEMENT WITNESSES FROM OFFERING EXPERT OPINION TESTIMONY

                                            Jeffrey S. Pagliuca
                                            Laura A. Menninger
                                            HADDON, MORGAN & FOREMAN P.C.
                                            150 East 10th Avenue
                                            Denver, CO 80203
                                            Phone: 303-831-7364

                                            Christian R. Everdell
                                            COHEN & GRESSER LLP
                                            800 Third Avenue New
                                            York, NY 10022
                                            Phone: 212-957-7600

                                            Bobbi C. Sternheim
                                            Law Offices of Bobbi C. Sternheim
                                            225 Broadway, Suite 715
                                            New York, NY 10007
                                            Phone: 212-243-1100

                                            *Attorneys for Ghislaine Maxwell*

# TABLE OF CONTENTS

Table of Contents ....................................................................................................................... ii

Table of Authorities .................................................................................................................. iii

Introduction ................................................................................................................................ 1

Factual Background ................................................................................................................... 1

Argument .................................................................................................................................... 2

Conclusion .................................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*United States v. Alvarez,* 837 F.2d 1024 (11th Cir. 1988) ................................................................ 4

*United States v. Borrone-Iglar*, 468 F.2d 419 (2d Cir. 1972) ........................................................... 4

*United States v. Brooks*, 736 F.3d 921 (10th Cir. 2013) ................................................................... 3

*United States v. Casas*, 356 F.3d 104 (1st Cir. 2004) ....................................................................... 4

*United States v. Cruz*, 981 F.2d 659 (2d Cir. 1992) .......................................................................... 4

*United States v. Daly*, 842 F.2d 1380 (2d Cir. 1988) ........................................................................ 4

*United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005) .................................................................. 2, 4

*United States v. Haynes*, 729 F.3d 178 (2d Cir. 2013) ..................................................................... 4

*United States v. Levasseur*, 816 F.2d 37 (2d Cir. 1987) ................................................................... 4

*United States v. Mejia*, 545 F.3d 179 (2d Cir. 2008) ............................................................... 1, 4, 5

**Rules**

Fed. R. Crim. P. 16 ..................................................................................................................... passim

Fed. R. Evid. 701 ............................................................................................................................ 1, 2

Fed. R. Evid. 702 ........................................................................................................................ passim

Fed. R. Evid. 704 ......................................................................................................................... 1, 2, 4

**Constitutional Provisions**

U.S. Const. amends. V ........................................................................................................................ 1

U.S. Const. amends. VI....................................................................................................................... 1

Ghislaine Maxwell moves under Federal Rules of Evidence 701, 702, and 704, and Federal Rule of Criminal Procedure 16, to preclude any expert opinion testimony from law enforcement witnesses.

## INTRODUCTION

Beginning in the 1980s, "a new type of 'skilled witness' began emerging: the law enforcement officer." *United States v. Mejia*, 545 F.3d 179, 189 (2d Cir. 2008). The Second Circuit has recognized that this phenomenon has led to significant problems. *Id.* at 188-93. "[W]hen those officer experts come to court and simply disgorge their factual knowledge to the jury, the experts are no longer aiding the jury in its factfinding; they are instructing the jury on the existence of the facts needed to satisfy the elements of the charged offense." *Id.* at 191.

But "[t]he Government cannot satisfy its burden of proof by taking the easy route of calling an 'expert' whose expertise happens to be the defendant." *Id.*; *see* U.S. Const. amends. V, VI. Nor can the government circumvent the disclosure and discovery requirements of the Federal Rules of Criminal Procedure and bypass this Court's gatekeeping role under Federal Rule of Evidence 702 by offering what is, in fact, expert opinion from law enforcement officers who are purportedly only testifying as lay witnesses.

Ms. Maxwell files this motion to limit the government's expert witnesses to those who were properly disclosed and endorsed as experts, and to prevent the government from lessening its burden of proof by relying on the supposed expert opinions of undisclosed and unqualified law enforcement officers.

## FACTUAL BACKGROUND

The government has endorsed and disclosed only two witnesses who may offer expert opinion testimony under Rule of Evidence 702—Dr. Lisa Rocchio and Steven Flately.

1

At the same time, three of the government's other witnesses (███████████ ███████████████████████████) are law enforcement officers. Because the government frequently attempts to elicit expert opinion testimony from law enforcement officers without disclosing them as experts under Federal Rule of Criminal Procedure 16 or qualifying them as experts under Federal Rule of Evidence 702, and because law enforcement witnesses often offer opinion testimony about the defendant's mental state and vouch for the truthfulness or bolster the credibility of alleged victims in contravention of Federal Rule of Evidence 704, this Court should grant this motion *in limine*.

## ARGUMENT

Federal Rule of Evidence 702 governs expert opinion testimony at trial. It says:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

If a law enforcement officer gives testimony that "depend[s], in whole or in part, on his specialized training and experience," the testimony is expert opinion testimony subject to Rule 702 and not lay opinion testimony subject to Rule 701. *United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005) ("We hold that the foundation requirements of Rule 701 do not permit a law enforcement agent to testify to an opinion . . . if the agent's reasoning process depended, in whole or in part, on his specialized training and experience.").

In turn, if a prosecution witness offers expert opinion testimony under Rule 702, Federal Rule of Criminal Procedure 16(1)(G) requires the government to make significant and substantive pretrial disclosures. The government must disclose "a written summary of any testimony that the government intends to use . . . during its case-in-chief at trial." Fed. R. Crim. P. 16(1)(G). The summary "must [also] describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.*

The government has not endorsed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as expert witnesses under Rule 702 or made any pretrial disclosures for these witnesses under Rule 16(1)(g). Accordingly, none of these witnesses can offer expert opinion testimony at trial. That means these witnesses should not be permitted to offer testimony on any of the following subjects:

- Any expert "overview" testimony about the case, its origins, and the investigation. *E.g.*, *United States v. Brooks*, 736 F.3d 921, 930-31 (10th Cir. 2013) (overview testimony can include improper expert opinion testimony).[1]

---

[1] Overview testimony is susceptible to abuse because it strays

> into matters that are reserved for the jury, such as opinions about a defendant's guilt or a witness's credibility. An overview witness, for example, might express opinions about the defendant's truthfulness at certain times or [her] likelihood of being involved in a scheme or crime, thus usurping the jury's role in making fact findings based on the credibility and demeanor of witnesses with personal knowledge. Other potential problems include the government's ability (1) to spin the evidence in its favor before it is admitted (assuming it is ever admitted), (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses (usually law enforcement) to testify on matters about which they have no personal knowledge or that are based on hearsay.

*Brooks*, 736 F.3d at 930.

> [S]uch testimony raises the very real specter that the jury verdict could be influenced by statements of fact or credibility assessments in the overview but not in evidence. There is also the possibility that later testimony might be different than what the overview witness assumed; objections could be sustained or the witness could change his or her story. Overview testimony by government agents is

- Any testimony about the nature and structure of alleged conspiracies, or the nature and structure of alleged sex trafficking operations. *See United States v. Daly*, 842 F.2d 1380 (2d Cir. 1988) (testimony about the nature and structure of organized crime is expert opinion testimony); *see also Mejia*, 545 F.3d at 189-92.
- Any testimony purporting to interpret the communications of others or "codes." *See United States v. Levasseur*, 816 F.2d 37, 45 (2d Cir. 1987) (testimony about the meaning of messages written in code is expert opinion testimony); *United States v. Borrone-Iglar*, 468 F.2d 419, 421 (2d Cir. 1972) (testimony "concerning the narcotics vernacular used in [recorded] telephone conversations" is expert opinion testimony).

- Any testimony vouching for or bolstering the credibility of witnesses. *United States v. Cruz*, 981 F.2d 659, 662-63 (2d Cir. 1992) (improper for an expert to bolster government fact-witness' credibility because such bolstering is irrelevant and prejudicial).

- Any "opinion about whether [Ms. Maxwell] did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b); *see United States v. Haynes*, 729 F.3d 178, 196 (2d Cir. 2013) ("Testimony regarding whether the defendant 'realized' that there were drugs in the car was erroneously admitted because it is expert testimony about the defendant's state of mind.").

The above list is merely an example of the types of expert opinions law enforcement officers often try to offer at trial. Under the Federal Rules of Evidence, though, *any* opinion testimony that is based on ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉'s specialized "training and experience" is expert opinion testimony subject to Rule 702 and Rule 16(1)(G) and is inadmissible at trial. *Garcia*, 413 F.3d at 216.

If the testimony of the government's law enforcement officers is not properly limited, it is "likely to give [their] factual testimony an 'unmerited credibility' before the jury." *Mejia*, 545 F.3d at 192 (2d Cir. 2008). *See also United States v. Alvarez*, 837 F.2d 1024, 1030 (11th Cir. 1988) ("When the expert is a government law enforcement agent testifying on behalf of the

---

especially problematic because juries may place greater weight on evidence perceived to have the imprimatur of the government.

*United States v. Casas*, 356 F.3d 104, 119-20 (1st Cir. 2004).

prosecution about participation in prior and similar cases, the possibility that the jury will give undue weight to the expert's testimony is greatly increased.").[2]

## CONCLUSION

For these reasons, this Court should preclude any law enforcement witness from offering expert opinion testimony.[3] The officers have not been disclosed as experts under Rule 16(1)(G), and therefore any opinions they might offer at trial would violate Rule 702.

Dated: October 18, 2021

---

[2] Law enforcement witnesses, particularly case agents, are "vulnerable to making 'sweeping conclusions' about the defendants' activities," which is impermissible. *Mejia*, 545 F.3d at 192. Their testimony also often relies on testimonial hearsay, depriving the defendant of her constitutional right to confrontation. U.S. Const. amend. VI; *see United States v. Lombardozzi*, 491 F.3d 61, 72 (2d Cir. 2007).

[3] The Court should preclude expert opinion testimony not only from the law enforcement witnesses the government calls in its case-in-chief, but also any law enforcement witnesses Ms. Maxwell calls in her defense. Ms. Maxwell has not disclosed or endorsed these law enforcement officers as expert witnesses, so the government cannot use cross-examination of these officers to elicit expert opinion testimony that would be inadmissible if offered on direct examination.

Respectfully submitted,


*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

**Certificate of Service**

        I hereby certify that on October 18, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Motion to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

                                              *s/ Nicole Simmons*